1

2

3

4

5

6

7

8                    **UNITED STATES DISTRICT COURT**

9                   **CENTRAL DISTRICT OF CALIFORNIA**

10

11

12  Merced Lopez Ramirez,        )   CV 13-03293
                                 )   CR 96-00847-RSWL-5
13                               )
                   Petitioner,   )   **ORDER RE: MOTION UNDER**
14                               )   **28 U.S.C. § 2255 TO**
        v.                       )   **VACATE, SET ASIDE, OR**
15                               )   **CORRECT SENTENCE** [CV 1]
                                 )
16  United States of America,    )
                                 )
17                               )
                   Respondent.   )
18  _____)

19       Currently before the Court is Merced Lopez

20  Ramirez's ("Defendant") Motion Under 28 U.S.C. § 2255

21  to Vacate, Set Aside, or Correct Sentence [CV 1[1]].

22  Having reviewed all papers submitted pertaining to this

23  Motion, the Court **NOW FINDS AND RULES AS FOLLOWS:**

24  Defendant's Motion is **DENIED.**

25  *///*

26  _____

27  [1] Unless identified as a docket entry in Petitioner's civil case
    by "CV," court docket citations refer to entries in Petitioner's
28  criminal case, CR 96-00847, and not Petitioner's civil case, CV
    13-03293.

                                   1

# I. BACKGROUND

In October 1997, a jury convicted Defendant of conspiracy to manufacture and possess with intent to distribute methamphetamine, in violation of 21 U.S.C. § 846 (count one), and two counts of possession with intent to distribute methamphetamine, in violation of 21 U.S.C. § 841(a)(1) (counts three and four) [249]. This Court sentenced Defendant to 365 months of imprisonment for each count of conviction, to be served concurrently, followed by a ten-year period of supervised release [315, 316].

Defendant challenged his conviction and sentence on direct appeal [321]. While Defendant's appeal was pending, the Supreme Court issued its decision in United States v. Booker, 543 U.S. 220 (2005), which rendered the federal sentencing guidelines advisory, and the Ninth Circuit decided United States v. Ameline, 409 F.3d 1073 (9th Cir. 2005), which instituted a limited remand procedure to determine on direct appeal whether a district court had plainly erred in sentencing a defendant under the formerly mandatory guidelines. The Ninth Circuit rejected each of Defendant's claims on appeal, with the exception of the claim that his case needed to be remanded to this Court in order to account for the fact that Booker and Ameline were decided during the pendency of his appeal [565].

On January 25, 2010, this Court conducted a hearing

2

pursuant to the Ninth Circuit's <u>Ameline</u> remand and
imposed upon Defendant the same sentence that the Court
had previously imposed [621, 622].  Defendant appealed
his sentence once more, this time to determine whether
the Court failed to comply with <u>Ameline</u> by denying
Defendant the opportunity to submit his position in
writing [623].  The Ninth Circuit affirmed this Court's
decision on May 31, 2012 [652].

Defendant, proceeding *pro se*, filed the present
Motion on May 8, 2013, seeking to vacate, set aside, or
correct his conviction and sentence [CV 1].  Defendant
essentially argues that his conviction should be
vacated because his Fourth, Fifth, and Sixth Amendment
rights were violated throughout the course of his trial
and because the prosecution committed fraud upon the
Court.

## II. LEGAL STANDARD

A federal prisoner seeking post-conviction relief
may file a motion in federal court pursuant to 28
U.S.C. § 2255 to have his sentence vacated, set aside,
or corrected.  A valid Section 2255 claim must allege
that the prisoner's sentence is (1) in violation of the
Constitution or laws of the United States, (2) imposed
by a court without jurisdiction, (3) in excess of the
maximum authorized by law, or (4) otherwise subject to
collateral attack.  <u>See</u> 28 U.S.C. § 2255(a).  Under the
procedural default doctrine, when a Section 2255 movant
could have raised a claim on direct appeal but failed

to do so, that claim is deemed waived, and relief under Section 2255 is barred, unless the movant demonstrates (1) actual innocence or (2) cause for failure to raise the claim and actual prejudice resulting from such failure.  <u>U.S. v. Braswell</u>, 501 F.3d 1147, 1149-50 (9th Cir. 2007).

A district court may not deny a Section 2255 motion without a hearing "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief."  28 U.S.C. § 2255(b).  To justify an evidentiary hearing, the movant must go beyond mere conclusory statements and make "specific factual allegations which, if true, would entitle him to relief." <u>Baumann v. United States</u>, 692 F.2d 565, 571 (9th Cir. 1982).  "[N]o hearing is required if the allegations, 'viewed against the record, either fail to state a claim for relief or are so palpably incredible or patently frivolous as to warrant summary dismissal.'" <u>Shah v. United States</u>, 878 F.2d 1156, 1158 (9th Cir. 1989) (quoting <u>Marrow v. United States</u>, 772 F.2d 525, 526 (9th Cir. 1985)).  "An evidentiary hearing is unnecessary when the court has sufficient facts before it to fully and fairly rule on the merit of claims." <u>United States v. Hernandez</u>, No. 07cv2355 J, No. 96cr1262 J, 2009 WL 1178664 at *2 (S.D. Cal. May 1, 2009) (citing <u>Blackledge v. Allison</u>, 431 U.S. 63, 74-81 (1977)).

If a court denies a movant's Section 2255 motion,

4

1  the court must either issue a certificate of
2  appealability under 28 U.S.C. § 2253© or state the
3  reasons why such a certificate should not issue.  See
4  Fed. R. App. P. 22(b).  The standard for issuing a
5  certificate of appealability is whether the applicant
6  has "made a substantial showing of the denial of a
7  constitutional right."  28 U.S.C. 2255(c)(2).  To make
8  a substantial showing, the applicant must establish
9  that "reasonable jurists could debate whether (or, for
10  that matter, agree that) the petition should have been
11  resolved in a different manner or that the issues
12  presented were adequate to deserve encouragement to
13  proceed further."  Slack v. McDaniel, 529 U.S. 473, 475
14  (2000) (internal quotation marks omitted).
15       Specifically, when a district court denies a
16  Section 2255 Motion on procedural grounds, a
17  certificate of appealability should issue if the
18  applicant shows that (1) "jurists of reason would find
19  it debatable whether the petition states a valid claim
20  of the denial of a constitutional right" and that (2)
21  "jurists of reason would find it debatable whether the
22  district court was correct in its procedural ruling."
23  United States v. Plaza-Uzeta, No. CV-09-1231-PHX-GMS,
24  2010 WL 6826540 at *18 (D. Ariz. Nov. 18, 2010), report
25  & recommendation adopted, No. CV-09-1231-PHX-GMS, 2011
26  WL 2600486 (D. Ariz. June 30, 2011).  Alternatively,
27  when a district court rejects constitutional claims on
28  the merits, a certificate of appealability should only

issue if the applicant demonstrates that "reasonable
jurists would find the district court's assessment of
the constitutional claims debatable or wrong."   Id.

### III. ANALYSIS

Beginning with Defendant's claim that his Fourth
Amendment rights were violated, the Court finds that
the grounds upon which Defendant bases this claim are
procedurally barred for purposes of this Motion.
Defendant challenges his conviction and sentence on the
ground that the search of his residence on August 10,
1996, was a violation of the Fourth Amendment because
the warrant upon which the search was predicated was
fabricated and never existed.   However, in support of
its Opposition to this Motion, the Government produced
a copy of the warrant itself, which was signed by a
magistrate judge the day before Defendant's apartment
was searched.   See Opp'n, Ex. A.   Moreover, Defendant
already challenged the validity of the search warrant
on direct appeal, and the Ninth Circuit rejected this
argument.   See United States v. Ramirez, 196 Fed. Appx.
538, 538-39 (9th Cir. 2006).   Because "Section 2255 may
not be invoked to relitigate questions which were or
should have been raised on direct appeal from the
judgment of conviction" (Hammond v. United States, 408
F.2d 481, 483 (9th Cir. 1969)), Defendant is barred
from challenging the search warrant once again in this
Motion.

As to Defendant's claim that his arrest on August

6

9, 1996, violated the Fourth Amendment because he was not arrested pursuant to an existing arrest warrant, Defendant is barred from raising this challenge as well.  "The proper manner in which to question the arrest procedure is either by a motion before sentence or on appeal." <u>Alaway v. United States</u>, 280 F. Supp. 326, 332 (C.D. Cal. 1968).  <u>See also United States v. Koptik</u>, 300 F.2d 19, 22 (7th Cir. 1962); <u>Scherk v. U.S.</u>, 242 F. Supp. 445, 446 (N.D. Cal. 1965).  The Court notes that Defendant already raised this issue prior to his sentencing (<u>see</u> Mot., Ex. 1) and that Defendant failed to re-raise the challenge on direct appeal.  <u>See Massaro v. United States</u>, 538 U.S. 500, 504 (2003) ("[C]laims not raised on direct appeal may not be raised on collateral review unless the petitioner shows cause and prejudice.").  Because Defendant has not established that this challenge could not have been raised on direct appeal, Defendant has waived his right to raise it now.  <u>See United States v. Coppola</u>, No. 2:03-cr-0010-LRH-PAL, 2010 WL 5175043 at *2 (D. Nev. Dec. 15, 2010).

Turning to the claim that Defendant's Fifth Amendment rights were violated because the Government renumbered the charges against him in a redacted, revised indictment and in the jury instructions that were presented to the jury during trial, the Court considers Defendant's arguments to be without merit. Defendant is correct in that the Government initially

7

renumbered the counts of the redacted First Superseding
Indictment, which was to be used at trial and submitted
to the jury during deliberations, so that the counts
were consecutively numbered as one, two, and three
rather than one, three, and four.  See Mot., Ex. 12.
However, the Court informed the jury just prior to
deliberations that the counts in the First Superseding
Indictment had been misnumbered and that where the jury
had been instructed as to counts one, two, and three,
the counts "should technically be one, three and four."
See Mot., Ex. B, 166:14-20.  Additionally, the counts
included on the verdict form that the jury received for
Defendant were properly numbered one, three, and four,
not one, two, and three.  Id. at 166:9-13.  Therefore,
the Court finds that Defendant was not improperly
convicted on erroneous counts.  Moreover, this claim is
procedurally barred because Defendant failed to raise
it on direct appeal, and he has not established that he
could not raise it during his appeal.  See Massaro, 538
U.S. at 504.

Defendant argues further that his sentence should
be vacated, set aside, or corrected due to the
ineffective assistance of pre-trial attorney Phillip
Deitch and trial attorney John P. Loughman.  As opposed
to Defendant's previously addressed claims, "[c]laims
of ineffective assistance of counsel in a federal
prosecution need not be exhausted on direct appeal, but
are properly brought in the first instance in a

[Section 2255 motion]." <u>Plaza-Uzeta</u>, 2010 WL 6826540
at *4.  It is well established that in claiming
ineffective assistance of counsel, a convicted
defendant must show that (1) counsel's performance was
so seriously deficient "that counsel was not
functioning as the 'counsel' guaranteed . . . by the
Sixth Amendment" (<u>Strickland v. Washington</u>, 466 U.S.
668, 687 (1984)), and (2) counsel's "deficient
performance prejudiced the defense" (<u>Id.</u>).  "The Court
need not address both prongs of the <u>Strickland</u> test if
the petitioner's showing is insufficient as to one
prong." <u>United States v. Valdez-Santos</u>, No. 2:02-cr-
0104 LKK AC, 2013 WL 3803957 at *2 (E.D. Cal. July 19,
2013).  <u>See Strickland</u>, 466 U.S. at 697 ("If it is
easier to dispose of an ineffectiveness claim on the
ground of lack of sufficient prejudice, which we expect
will often be so, that course should be followed.").

     Here, the Court need not address the first prong of
the <u>Strickland</u> test with respect to Defendant's
ineffective assistance of counsel claims because
Defendant has failed to satisfy the second prong of
showing how counsel's performances, if deficient at
all, prejudiced Defendant's defense.  In order to
demonstrate actual prejudice, "[t]he defendant must
show that there is a reasonable probability that, but
for counsel's unprofessional errors, the result of the
proceeding would have been different." <u>Strickland</u>, 466
U.S. at 694.  <u>See also United States v. Berardi</u>, No.

SACV-10-412-AG, 2011 WL 1334424 (C.D. Cal. Apr. 5,
2011).   In other words, the question that a court must
ask in determining whether the second <u>Strickland</u> prong
has been satisfied is "whether there is a reasonable
probability that, absent [counsel's] errors, the
factfinder would have had a reasonable doubt respecting
guilt." <u>Strickland</u>, 466 U.S. at 695.  <u>See also Luna v.</u>
<u>Cambra</u>, 306 F.3d 954, 961 (9th Cir. 2002).   Although
Defendant makes various assertions as to how he
believes attorneys Deitch and Loughman were deficient
in serving him as counsel, he does not specifically
address how his defense was prejudiced, if at all, by
such deficiencies.   The only statements that Defendant
makes that might be construed as falling under the
second <u>Strickland</u> prong are his statements that (1)
attorney Deitch's conduct "tainted the integrity of
representation process [sic], failing entirely to
subject the prosecutor's case to a meaningful
adversarial testing" (P. & A. p. 21), and (2) attorney
Loughman's deficient work "allowed the prosecution team
to convict defendant on fabricated evidence" (<u>Id.</u> at p.
22).   These vague assertions, without more, are
insufficient to show that, but for counsel's alleged
deficiencies, there is a reasonable probability that
the outcome of Defendant's case would have been
different.   Furthermore, with regard to Defendant's
allegation concerning "fabricated" search and arrest
warrant evidence, these issues have already been

1   addressed _supra_.  Accordingly, the Court should find

2   that Defendant's Motion cannot be granted on

3   Defendant's ineffective assistance of counsel claims as

4   presented to the Court.

5       As to Defendant's claim of fraud on the court, the

6   Court is unable to locate any Ninth Circuit criminal

7   case entertaining such a claim raised in the context of

8   a Section 2255 Motion.   See _U.S. v. Armstrong_, No. CR

9   94-0276 PJH, C 09-2243 PJH, 2012 WL 712126 at *18 (N.D.

10  Cal. March 5, 2012).  Claims of fraud on the court are

11  generally brought in civil cases via motions pursuant

12  to Federal Rule of Civil Procedure 60(b).  However,

13  even if Defendant is permitted to proceed with this

14  claim in the current Motion, the Court finds that

15  Defendant is still not entitled to the relief he seeks.

16  As proof of fraud on the court, Defendant cites to the

17  Government's introduction of "fabricated evidence"

18  during trial and modification of the First Superseding

19  Indictment.  As to Defendant's allegation regarding

20  "fabricated evidence," Defendant does not clarify

21  within the context of this claim to what evidence he is

22  referring.  To the extent that Defendant is referring

23  to the arrest and search warrants that are otherwise at

24  issue in his Motion, the Court has already addressed

25  these issues _supra_.  With regard to modification of the

26  First Superseding Indictment, this, too, has been

27  addressed _supra_.  Accordingly, the Court should find

28  that Defendant's allegations to not give rise to a

successful claim of fraud on the court, and, therefore, Defendant's Motion cannot be granted upon this ground.

In light of the aforementioned, the Court finds that Defendant's Motion can be decided without a hearing because the Motion, the record, and applicable law affirmatively show the factual and legal invalidity of Defendant's position.  See Shah, 878 F.2d at 1158. Thus, the Court declines to hold an evidentiary hearing in this matter.

Moreover, to the extent that the Court is denying Defendant's Motion on procedural grounds, the Court finds that "jurists of reason" would not find it debatable whether the Court was correct in its procedural rulings.  See Plaza-Uzeta, 2010 WL 6826540 at *8.  To the extent that the Motion is being rejected on the merits, the Court finds that Defendant's constitutional claims are without merit under the reasoning set forth herein.  See 28 U.S.C. § 2253(c)(2).  Accordingly, the Court **DENIES** issuance of a certificate of appealability in this matter.

### III. CONCLUSION

For the reasons stated above, the Court **DENIES** Defendant's Motion under 28 U.S.C. § 2255 because the grounds upon which Defendant bases his Motion are factually and legally invalid.  Furthermore, the Court finds that an evidentiary hearing for this Motion is

///

///

not warranted and **DENIES** issuance of a certificate of
appealability.

**IT IS SO ORDERED.**

DATED: August 21, 2013


RONALD S.W. LEW
_____
**HONORABLE RONALD S.W. LEW**
Senior, U.S. District Court Judge